Filed 10/24/22  P. v. Miles CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B310095 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. SA082880 |
| DEBRA LYNN MILES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Kathryn A. Solorzano, Judge.  Reversed.

Rudolph J. Alejo, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Amanda V. Lopez and Michael J. Wise, Deputy Attorneys General, for Plaintiff and Respondent.

—————————————

Debra Lynn Miles filed a petition for resentencing under former Penal Code section 1170.95, now renumbered as section 1172.6. The trial court denied the petition, holding that the jury's 2014 special circumstance finding precluded Miles from seeking relief under section 1172.6 until she first sought relief through a writ for habeas corpus. After the trial court's ruling, the Supreme Court decided in *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*), that a pre-*Banks* and *Clark* special circumstance finding does not make a petitioner ineligible for relief under section 1172.6 as a matter of law, nor must the petitioner seek habeas relief first. We therefore remand to the trial court for further proceedings. Undesignated statutory references are to the Penal Code.

I

A jury convicted Miles of first degree murder under a felony-murder theory in November 2014. (§ 187, subd. (a).) The jury also convicted her of burglary, robbery, and conspiracy to commit robbery. (§§ 211, 213, subd. (a)(1)(A), 459, 667.5, subd. (c), 182, subd. (a)(2).) The jury found true special circumstances that the murder occurred in the course of a robbery and a felony and that Miles was the actual killer, aided and abetted the murder with the intent to kill, or aided and abetted the felony that led to the death while acting as a major participant with reckless indifference to human life. (§ 190.2, subd. (a)(17).) The judge sentenced Miles to life without parole.

Miles appealed the judgment. We affirmed. (*People v. Miles* (May 10, 2017, B269703) [nonpub. opn.].) In December 2018, Miles filed a petition for writ of habeas corpus in the superior court. She argued her counsel was ineffective because he did not argue she did not show reckless indifference to human

life as a matter of law.  In March 2019, the trial court summarily denied her petition.

In June 2019, Miles filed a petition for resentencing under section 1172.6.  The trial court appointed counsel for Miles.  After several hearings, the trial court issued an order to show cause, but before the court held the evidentiary hearing, the Second District issued *People v. Allison* (2020) 55 Cal.App.5th 449, *People v. Galvan* (2020) 52 Cal.App.5th 1134, and *People v. Nunez* (2020) 57 Cal.App.5th 78.  The trial court ruled that *Allison, Galvan*, and *Nunez* were the governing law and therefore denied Miles' petition.  The court held the special circumstance finding precluded relief unless Miles first sought relief through a writ of habeas corpus.

Miles appealed.

After the parties' briefing in this court, the Supreme Court issued *People v. Strong*.

## II

*Strong* mandates remand.

### A

In *Strong*, the Supreme Court considered whether a true finding of a special circumstance made before the Court's decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*) rendered a petitioner ineligible for relief under section 1172.6 as a matter of law.  *Strong* held it did not.  (*Strong*, *supra*, 13 Cal.5th at p. 703.)  Moreover, a petitioner would not be ineligible as a matter of law even if the evidence at trial would have been sufficient to support the findings under *Banks* and *Clark*.  (*Strong*, at p. 710.)

The Legislature enacted Senate Bill No. 1437 (2017–2018 Reg. Sess.) to reform certain aspects of the state's homicide law,

including limiting the scope of the felony-murder rule. (*Strong*, *supra*, 13 Cal.5th at pp. 707–708.) Under the new law, a person can only be convicted of felony murder if she was the actual killer, an aider and abettor to the murder who acted with intent to kill, or a major participant in the underlying felony who acted with reckless indifference to human life. (Stats. 2018, ch. 1015, § 1, subd. (f).) Senate Bill No. 1437 also created a process through which convicted persons can seek resentencing if they could no longer be convicted under the reformed homicide law. (§ 1172.6, subd. (a).) If the petitioner makes a prima facie showing she is eligible for relief under section 1172.6, the court must hold an evidentiary hearing. (§ 1172.6, subds. (c) & (d).) At this hearing, either party may present new evidence and the prosecution bears the burden of proving the petitioner could still be convicted beyond a reasonable doubt. (§ 1172.6, subd. (d)(3).)

Before the enactment of Senate Bill No. 1437, the Supreme Court issued two cases offering guidance on the meaning and application of the "major participant" and "reckless disregard" language. (*Strong*, *supra*, 13 Cal.5th at pp. 705–707.) Courts of Appeal split regarding whether pre-*Banks* and *Clark* special circumstance findings preclude a petitioner from being eligible as a matter of law for relief under section 1172.6. (*Id*. at pp. 709–710.) The Supreme Court granted review in *Strong* to resolve the split. (*Id*. at p. 710.)

The Court held that *Banks* and *Clark* represented a "significant change" in the interpretation and application of the "major participant" and "reckless disregard" requirements. (*Strong*, *supra*, 13 Cal.5th at p. 717.) This change occurred before the Legislature enacted Senate Bill No. 1437. (*Id*. at p. 710.) Thus, the "major participant" and "reckless indifference"

4

language used in the Act incorporated that change. (*Ibid*.) Therefore, a pre-*Banks* and *Clark* special circumstance finding does not mean a petitioner could not make a prima facie case under section 1172.6 because such a finding is insufficient to show the petitioner would still be convicted under the current understanding of those requirements. (*Id*. at pp. 717–718.)

The Supreme Court further held that a judicial posttrial review of the evidence offered at trial to determine its sufficiency under *Banks* and *Clark* would not comport with the strictures of section 1172.6. (*Strong*, *supra*, 13 Cal.5th at pp. 719–720.) The guidance in these cases might have significantly changed what evidence a defendant would present or counsel's trial strategy. (*Ibid*.) A retrospective review cannot account for these differences and could not provide a finding beyond a reasonable doubt under the current legal framework. (*Ibid*.) For similar reasons, pre-*Banks* and *Clark* findings do not have preclusive effect in later proceedings in the case. (*Id*. at pp. 717–718.) *Banks* and *Clark* represent the type of change in law that warrants reconsideration. (*Ibid*.)

The Court also found that although a person could seek habeas relief for a pre-*Banks* and *Clark* special circumstance finding, doing so was not a prerequisite to seeking relief under section 1172.6. (*Strong*, *supra*, 13 Cal.5th at p. 713.)

B

The jury made a special circumstance finding that Miles was a major participant who acted with reckless indifference in 2014, i.e., before *Banks* or *Clark*. The trial court denied Miles's petition based on the jury's finding, holding the law required Miles to seek habeas relief before filing her section 1172.6 petition. *Strong* has clarified that Miles need not do so and that

5

the jury's finding does not preclude Miles from making a prima facie showing. (*Strong*, *supra*, 13 Cal.5th at p. 710.) We remand for the trial court to hold further proceedings consistent with this opinion.

## DISPOSITION

We reverse the order denying Miles's section 1172.6 petition and remand for the trial court to hold further proceedings consistent with this opinion.

WILEY, J.

We concur:

GRIMES, Acting P. J.

HARUTUNIAN, J.*

_____

* Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6